# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

|  |  |  |
|---|---|---|
| EMILY SUTTON, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No.  3:25-CV-00397-LS |
| SENIOR LIFE INSURANCE COMPANY, A GEORGIA CORPORATION, AND JOHN DOE, | § § § § § | |
| *Defendants.* | § § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Plaintiff Emily Sutton sues Defendant Senior Life Insurance Corporation under the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code ("TBCC") for unsolicited advertising phone calls. The Court grants in part and denies in part Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim.

## I.    LEGAL STANDARD.

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] "A claim has facial plausibility when the plaintiff pleads

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A complaint must support legal conclusions with factual allegations.[3]

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[4] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[6] A Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted."[7]

## II.    ANALYSIS.

### A.    *Unsolicited Phone Calls with an Artificial or Prerecorded Voice.*

Plaintiff claims Defendant violated 47 U.S.C. § 227(b) when an unidentified person—John Doe—called her to advertise life insurance with a prerecorded voice message.[8] Liability under § 227(b) for prerecorded voice messages requires a "call . . . using any automatic telephone dialing system or an artificial prerecorded voice . . . to any telephone number . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States."[9] Plaintiff alleges "Senior Life hired John Doe," who "transfer[red] responsive leads to Senior Life,"[10] and cites an email from Defendant the same day appearing to follow up on the call by "thank[ing] [her] for

---

[2] *Id.*

[3] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[4] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[5] *Twombly*, 550 U.S. at 555.

[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (holding the Court should not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions").

[7] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

[8] ECF No. 8 at 3.

[9] 47 U.S.C. § 227(b)(1)(A)(iii).

[10] ECF No. 8 at 3.

choosing Senior Life Insurance Company."[11] These allegations, construed in the light most favorable to the plaintiff, are sufficient at the pleadings stage to reasonably infer that an agent of Senior Life Insurance called Plaintiff using an artificial prerecorded voice.

### B.    Texas Business and Commerce Code.

Texas's version of the TCPA adopts the federal statute's prohibitions, and an analysis of one applies to the other.[12] As Plaintiff states a claim under the TCPA, she also states a claim under the TBCC's equivalent provisions.

### C.    Telephone Solicitation Registration.

Plaintiff also claims Defendant violated TBCC § 302.101 by calling her without a telephone solicitation registration certificate. But the registration requirement "does not apply to . . . a person who holds a license issued under the Insurance Code if the transaction is governed by that code."[13] Defendant is licensed to sell life insurance under the insurance code,[14] and Plaintiff pleads that the call advertised life insurance,[15] so Plaintiff cannot state a viable claim under § 302.101 based on a call from Defendant or its agents. As additional facts cannot support the foreclosed relief, amending this claim would be futile.[16]

---

[11] ECF No 8-1 at 2.

[12] *See Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA.").

[13] Tex. Bus. & Com. Code § 302.053(3).

[14] *Find and Run a Report*, Tex. Dep't of Ins., https://appscenter.tdi.texas.gov/tdireports/p/externalReports; *see also Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) ("[W]e fail to see any merit to an objection to the panel taking judicial notice of the state agency's own website."); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents . . . which were matters of public record directly relevant to the issue at hand. Accordingly, we hold that it was appropriate for the court to take judicial notice, under Rule 12(b)(6) . . . .").

[15] *See* ECF No. 8 at 3.

[16] *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("[W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted.").

3

**III.    CONCLUSION.**

The Court **GRANTS IN PART AND DENIES IN PART** Defendant Senior Life Insurance Company's Rule 12(b)(6) motion to dismiss [ECF No. 9]. Plaintiff's claim for failure to obtain a telephone solicitation registration certificate is **DISMISSED WITH PREJUDICE** for failure to state a claim, and the case proceeds on Plaintiff's remaining claims.

**SO ORDERED**.

**SIGNED** and **ENTERED** on June 1, 2026.

_____

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**